# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HUNT, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. CV 10-6455 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION AND SUMMARY

On September 14, 2010, plaintiff Patricia Hunt ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant" or "Commissioner"), seeking review of a denial of disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). [Docket No. 3.]

On March 16, 2010, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 12, 13.]

On May 18, 2011, both parties submitted a detailed, 23-page joint stipulation ("Joint Stip."). [Docket No. 14.]

In sum, having carefully studied, *inter alia*, the parties' written submissions and the administrative record, the Court concludes that, as detailed below, the decision of the Administrative Law Judge ("ALJ") is not free of legal error. Thus, the Court remands the Commissioner's decision denying benefits.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 46 years of age on the date of her administrative hearing, has completed high school. (Administrative Record ("AR") at 15, 94, 120.) Her past relevant work includes employment as a waitress and as an in-home support service assistant. (*Id.* at 19-23, 108-10.)

Plaintiff filed for DIB and SSI on March 27, 2007, alleging that she has been disabled since January 1, 2007 due to mental/manic depression, saratonin imbalance, back problems, indometriosis, and migraines. (AR at 94-102, 116.) At her hearing, Plaintiff amended her onset date to June 2005. (*Id.* at 23-24, 256.) Plaintiff's applications were denied initially and upon reconsideration, after which she filed a timely request for a hearing. (*Id.* at 53-57, 58-60, 61-65, 68-69.)

On March 31, 2009, Plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. (AR at 15-48.) Lynn Warry, Plaintiff's friend, and Sandra Fioretti, a vocational expert ("VE"), also testified. (*Id.* at 34-43, 43-46.)

On September 1, 2009, the ALJ issued an unfavorable decision denying Plaintiff's request for benefits. (AR at 9-14.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability. (*Id.* at 11.)

At step two, the ALJ found that Plaintiff suffers from severe impairments of degenerative disc disease and mood disorder. (AR at 11.)

At step three, the ALJ determined that the evidence does not demonstrate that Plaintiff's impairment, either individually or in combination, meet or medically

equal the severity of any listing set forth in the Social Security regulations.[1/]  (AR at 12.)

The ALJ then assessed Plaintiff's residual functional capacity[2/] ("RFC") and determined that she can "perform medium work" except for "an inability to work in settings requiring tasks with conveyer belts and/or piecework."  (AR at 12.)

Based on Plaintiff's RFC and the VE's testimony, the ALJ found, at step four, that Plaintiff has the ability to perform her past relevant work as a waitress and home care attendant.  (AR at 13.)  Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act.  (*Id.* at 14.)

Plaintiff filed a request for review by the Appeals Council of the ALJ's decision.  (AR at 5.)  The Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-3.)  The ALJ's decision stands as the final decision of the Commissioner.

### III.

### **STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001).  If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits.

---

[1/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2/] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

*Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## **ISSUES PRESENTED**

Four issues are presented for decision here:

1. whether the ALJ properly rated the severity of Plaintiff's mental impairment, (Joint Stip. at 2, 3-6);

2. whether the ALJ properly considered the treating psychiatrist's opinion, (Joint Stip. at 2, 6-12);

3. whether the ALJ made proper credibility findings, (Joint Stip. at 3, 12-18); and

4. whether the ALJ properly considered and evaluated the mental and physical demands of Plaintiff's past work. (Joint Stip. at 3, 18-22.)

Under the circumstances here, the Court finds that the second issue is dispositive of this matter, and does not address the remaining ones.

# V.

# **DISCUSSION AND ANALYSIS**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting Kevork Iskenderian's, M.D., ("Dr. Iskenderian), the treating psychiatrist, findings. (Joint Stip. at 8-10.) Defendant counters that there is evidence in the record that supports the ALJ's rejection. (*Id.* at 10-12.) The Court concurs with Plaintiff.

    A.    <u>The ALJ Must Provide Specific and Legitimate Reasons Supported by Substantial Evidence to Reject a Treating Physician's Opinion</u>

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995, *as amended* April 9, 1996); *see also* 20 C.F.R. §§ 404.1527(d) & 416.927(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830; *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

"The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830; *see also* 20 C.F.R. §§ 404.1527(d)(1)-(2) & 416.927(d)(1)-(2). If the opinion of an examining physician is rejected in favor of the opinion of a nonexamining physician, the ALJ may do so only by providing specific and legitimate reasons. *Lester*, 81 F.3d at 830-31. The ALJ can meet the requisite specific and legitimate standard "by setting out a

detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

B. <u>Dr. Iskenderian's Opinion</u>

Dr. Iskenderian, along with other doctors of Desert Behavioral Health ("DBH") treated Plaintiff from February 2007 to February 2009. (AR at 213-32, 247-49, 251-54.) On March 17, 2008, Dr. Iskenderian filled out a work capacity evaluation form describing Plaintiff's mental limitations. (*Id.* at 238-39.) On the form, Dr. Iskenderian marked that Plaintiff had slight to extreme impairments in all of the listed categories. (*Id.*) Dr. Iskenderian also determined that Plaintiff would miss three days or more of work per month because of her impairments and treatment. (*Id.* at 239.)

C. <u>The ALJ's Analysis of the Treating Psychiatrist's Opinion</u>

Here, the ALJ rejected the opinion of Dr. Iskenderian for two reasons. (AR at 13.) First, the ALJ said that Dr. Iskenderian "seems to uncritically endorse [Plaintiff's] subjective complaints." (*Id.*) Second, the ALJ determined that Dr. Iskenderian did not adequately consider Plaintiff's work history throughout her alleged period of disability. (*Id.*)

D. <u>The ALJ Did Not Provide Specific and Legitimate Reasons for Rejecting Dr. Iskenderian's Opinion</u>

Based on this record, the Court believes that the ALJ improperly rejected Dr. Iskenderian's opinion for two reasons.

First, the ALJ's rejection of Dr. Iskenderian's opinion was conclusory. The ALJ did not accept Dr. Iskenderian's opinion because it "seem[ed] to uncritically endorse [Plaintiff's] subjective complaints." (AR at 13.) The ALJ did not provide any support for this statement. (*Id.*) Although Defendant argued that there is evidence to support this claim, the ALJ did not present any and the Court can only review the actual reasons asserted by the ALJ. (*See* Joint Stip. at 10-12, AR at 13);

*see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (*citing Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001)). Thus, the opinion is conclusory and does not count as a specific and legitimate reason for rejecting the treating doctor's opinion. *See McConner v. Halter*, 2000 WL 33207642, at *1 (9th Cir. March 5, 2000); *see also Shafer v. Barnhart*, 2005 WL 81637, at *4 (9th Cir. Jan. 13, 2005). Furthermore, there were an abundance of notes from Dr. Iskenderian and other treating doctors at DBH describing and analyzing Plaintiff's problems which formed the basis of Dr. Iskenderian's opinion. (*See* AR at 213-32, 247-49, 251-54.)

Second, the ALJ incorrectly relied on certain facts to dismiss Dr. Iskenderian's opinion. The ALJ refuted Dr. Iskenderian's opinion because he felt that the doctor "ha[d] apparently not adequately considered [Plaintiff's] work history throughout the period at issue." (AR at 13.) The ALJ was evidently making a veiled reference to Plaintiff's work as an in-home assistant. (*Id.*) However, Dr. Iskenderian filled out the work capacity form a month *before* Plaintiff began working as an in-home assistant. (*See id.* at 239, 256, 258.) It was impossible for that particular opinion to take Plaintiff's work as an in-home assistant into account. If the ALJ had questions about the impact of Plaintiff's work on Dr. Iskenderian's position, then the ALJ had a duty to conduct an appropriate inquiry. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*citing Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). Additionally, Dr. Iskenderian's opinion does not say that Plaintiff was incapable of performing work, only that she would have difficulty in doing so. (*See* AR at 238-39.) It is worth noting that Plaintiff did experience problems in the areas that Dr. Iskenderian highlighted. (*See id*. at 20-21, 239.)

## VI.
## **REMAND IS APPROPRIATE**

This Court retains discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the

7

record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall reconsider Dr. Iskenderian's opinion, and either credit it or provide specific and legitimate reasons supported by substantial evidence for rejecting them. In addition, the ALJ shall reassess the conclusions he reached that are impacted by Dr. Iskenderian's opinion, including Plaintiff's and the witness' testimony, and the VE's opinion. If necessary, the ALJ shall obtain additional information and clarification regarding Plaintiff's functional limitations. Further, the ALJ shall then proceed through steps three through four and, with the assistance of a vocational expert, reassess his step five determination.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: June 10, 2011   _____

Hon. Jay C. Gandhi
United States Magistrate Judge